# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ricardo Rodriguez, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18 CV 7951 |
| | ) | |
| The City of Chicago, et al., | ) | Honorable John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

**LIMITED CONSENT TO ENTRY OF JUDGMENT
<u>AGAINST DEFENDANT CITY OF CHICAGO</u>**

Defendant City of Chicago, by and through its undersigned attorneys, hereby stipulates to the following:

1. Plaintiff, Ricardo Rodriguez ("Plaintiff") has filed a Complaint against Defendants City of Chicago ("City") and former Chicago Police Officers Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, and Mark Sanders (collectively "Defendant Officers").[1]  Plaintiff's Complaint includes various claims brought under federal and state law.

2. In his Complaint, Plaintiff claims that Defendant Officers violated his constitutional rights as a result of various policies, practices, and customs of the City. In other words, Plaintiff has brought a *Monell* claim against the City. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). Plaintiff seeks a judgment against the City for damages caused by the alleged violation of his rights under the Constitution.

---

[1] Plaintiff also named former Chicago Police Officer Joseph Mohan. Officer Mohan is deceased, and he is not a party because neither him nor his estate have been served.

3. Even if Plaintiff's constitutional rights were violated as alleged, the City specifically denies any such constitutional violation was caused by a person with "final policymaking authority," denies the City has any "policies, customs, or practices" that cause constitutional deprivations, denies it has any widespread deficient or unconstitutional practice that is "so permanent and well-settled as to constitute a custom or usage with the force of law," denies it has the requisite degree of culpability therefrom, and denies that any alleged "policy, custom, or practice" of the City directly caused the alleged violations that would give rise to liability under 42 U.S.C. § 1983.

4. Without admitting the *Monell* allegations in the Complaint, the City will consent to entry of judgment against the City for compensatory damages and, to the extent allowed by the court, reasonable attorney fees pursuant to 42 U.S.C. § 1988, if the finder of fact in this case finds that Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders is liable for a violation of Plaintiff's constitutional rights as alleged in the Complaint. The terms of this Consent also will apply if Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders is found liable to Plaintiff on a motion for summary judgment, or found liable to Plaintiff pursuant to any other court procedure not involving a finder of fact that determines, based on the merits of this case, that Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders is liable to Plaintiff for a violation of his constitutional rights as alleged in the pending Complaint.

5. With respect to Defendant Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders assertion of qualified immunity, the City will consent to entry of judgment against it for compensatory damages and, to the extent

allowed by the Court, reasonable attorney fees pursuant to 42 U.S.C. §1988, if the finder of fact determines that Defendant Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders violated Plaintiff's constitutional rights as alleged in the Complaint, even if Defendant Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders is further found to be not liable to Plaintiff because he is entitled to qualified immunity.

6. For this purpose and in this case only, the City waives its right under *Monell* not to be found liable for damages pursuant to Section 1983 without proof that the City by its "policy, custom, or practice," and with the requisite degree of culpability, caused the alleged constitutional violation. As stated herein, if liability for a constitutional violation is found against Defendant Reynaldo Guevara, Edward Mingey, Ernest Halvorsen, Robert Biebel, Richard Curley, Lee Epplen, or Mark Sanders, the City agrees to accept liability against it for compensatory damages and, to the extent allowed by the Court, reasonable attorney fees, based solely on that alleged constitutional violation, and not upon any alleged "policy, custom, or practice." The Consent to Entry of Judgment will not apply to liability based on a settlement to which the City is not a party, or a non-court procedure, such as arbitration or mediation, unless the City agrees to be bound by such proceedings.

7. The City does not waive any defense it may have to the claims in this case except as specifically stated above. The City also retains the right to move to alter or amend any judgment, move for judgment as a matter of law reversing such judgment, appeal, or seek any other post-trial relief from such judgment based on any grounds not inconsistent with this Consent.

Dated: July 3, 2019    Respectfully Submitted,
　　　　　　　　　　　　　　　　　　　　　　CITY OF CHICAGO,


　　　　　　　　　　　　　　　　　　　　　　By: */s/ Eileen E. Rosen*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　One of its Attorneys


Eileen E. Rosen, No. 06217428
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
321 N. Clark St., Suite 2200
Chicago, Illinois 60654
(312) 494-1000
erosen@rfclaw.com

4