IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICARDO RODRIGUEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE CITY OF CHICAGO, *et al.*, ) <br> ) <br> Defendants. ) | Case No: 18-cv-7951 <br> Judge Mary M. Rowland <br> Magistrate Judge Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, Defendant City of Chicago's (the "City") Motion to Bifurcate *Monell* Claim [44] is denied without prejudice. The parties are ordered to file a proposed discovery schedule to the Court's proposed order inbox by 9/18/19.

## BACKGROUND

Plaintiff Ricardo Rodriguez brought this case pursuant to 42 U.S.C. § 1983, alleging that several Chicago Police Officers (the "Individual Defendants") framed him for murder and attempted murder in 1995, leading to Plaintiff's arrest, prosecution, conviction, and incarceration. [Dkt. 44 at 1.] Plaintiff contends that the officers fabricated purported eyewitness testimony and suppressed exculpatory evidence in order to procure Plaintiff's arrest and conviction. [Dkt. 45 at 2-3.] In addition to his claims against the Individual Defendants, Plaintiff alleges that the City failed to train, supervise, and discipline its officers; specifically, Plaintiff asserts that "the City had a practice of suppressing important investigatory materials in street files, which were kept within the police department but never sent to state prosecutors, criminal defendants, or their attorneys." [Dkt. 45 at 3.]

1

The City filed the instant motion seeking to bifurcate the *Monell* claims against the City from the claims against the Individual Defendants pursuant to Federal Rule of Civil Procedure 42(b). That motion is fully briefed and ripe for disposition. For the reasons discussed more fully below, the Court denies the City's motion without prejudice.

**DISCUSSION**

Rule 42(b) authorizes the Court to order a separate trial of one or more separate claims, "[f]or convenience, to avoid prejudice, or to expedite and economize." Because litigating a case in a piecemeal fashion is likely to cause delay, bifurcation is the exception and not the rule. *A.L. Hansen Mfg. Co. v. Bauer Products, Inc.*, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004). The last ten years of bifurcation jurisprudence in the Seventh Circuit demonstrates that "[i]t is clear that the weight of authority holds that bifurcation is now heavily disfavored" in cases such as the instant suit. *Awalt v. Marketti*, 2012 WL 1161500, at *10 n.2 (N.D. Ill. Apr. 9, 2012) (collecting cases). In determining whether to bifurcate, the Court must first consider whether separating the claims would prevent prejudice to the moving party or promote judicial economy; only one of these criteria need be met. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). If one of those conditions is met, the Court may order bifurcation, provided that doing so does not prejudice the non-moving party or violate the Seventh Amendment. *Id.*

The City argues that failing to bifurcate the claims will prejudice the City by lengthening the trial and causing it to be disjointed and convoluted. According to the City, they recently experienced this prejudice in another case that featured some of the same police officers who are Individual Defendants in this case, based on many of the same claims that Plaintiff brings here, *Rivera v. Guevara*, 12-cv-04428 (N.D. Ill.). The City claims that the combined trial of both *Monell* and individual claims caused the City to be "forced to hurry its examination of witnesses and

presentation of evidence for fear of alienating the jury." [Dkt. 44 at 15.]  As such, the City's position is that "the City was an afterthought at trial, making it highly probable that the jury held the City liable on the *Monell* claim without giving the claim its due deliberation and contemplation." [*Id.*]  Setting aside the cynicism regarding the jury system and blame-shifting that the City engages here – the Court believes it is actually "highly probable" that the jury gave due consideration to the *Monell* claims against the City and simply found that it was liable – trying the *Monell* claims and individual claims might potentially prejudice the City by confusing the jury or causing the jury to punish the City for any findings it makes against the Individual Defendants.

However, this case is not on the eve of trial, and the City's motion seeks not only to bifurcate the trial, but also stay discovery on all *Monell* claims.  The City has not made any arguments why refusing to bifurcate discovery would cause it prejudice, and the Court does not believe it would.  This is not the first case in which this discovery has been produced.  As noted, it is one of several cases alleging the same pattern and practice of fabricating incriminating evidence and hiding exonerating evidence against a similar group of Chicago Police Officers that is currently being litigated in several courts in the Northern District of Illinois.  At least one of these cases, *Rivera*, has already been tried to a jury, and gone through *Monell* discovery.  As such, much of the discovery on *Monell* liability has already been done by the City at least once, and it will not need to expend significant time or resources to complete it.  Any prejudice to the City that comes from trying the case jointly is outweighed by the prejudice to Plaintiff, as discussed below, and also because any prejudice can be cured either through limiting instructions during the trial or by bifurcating the case for trial at a later date.[1]

---

[1] Although the Court need not reach this issue, it does not believe that bifurcating this matter would serve the interests of judicial economy.  Holding two trials, several years apart, and two distinct and consecutive rounds of discovery would not lessen the time this case took to resolve or the burden on the Court.  Moreover, the Court has found that bifurcating *Monell* discovery invariably leads to fighting over whether discovery requests are properly noticed as non-

On the other hand, the Court believes that depriving the Plaintiff of a speedy resolution of his *Monell* claims would significantly prejudice him and would not serve the interests of justice. The City argues that Plaintiff will not be prejudiced by bifurcation because "Plaintiff is not entitled to recover any additional compensatory damages if he prevails against the City on his *Monell* claims after a finding of liability against Defendant Officers." [Dkt. 44 at 13.] This argument presupposes that Plaintiff's only interest in this case is monetary. As another court in this district noted when ruling on a motion to bifurcate in one of the aforementioned companion cases, Plaintiff "has a profound interest in pursuing his claims with an eye toward institutional reform," and "a judgment naming the city itself and holding it responsible for its policies may have a greater deterrent effect than a judgment against a police officer that is paid by the city." *Gomez v. Guevara*, 18-cv-3335, (N.D. Ill. Apr. 8, 2019). The Court finds that delaying resolution of that goal by bifurcating and staying *Monell* discovery would prejudice Plaintiff more significantly than the City at this time. As such, the Court denies the motion to bifurcate. However, that denial is without prejudice, and the Court believes that a renewed motion to bifurcate trial might be viable after the case progresses through discovery and any dispositive motions.

## CONCLUSION

For the reasons discussed above, Defendant City of Chicago's (the "City") Motion to Bifurcate *Monell* Claim [44] is denied without prejudice. The parties are ordered to file a proposed discovery schedule to the Court's proposed order inbox by 9/18/19.

---

*Monell* discovery, thereby increasing the cost to the parties and the burden on the Court. Finally, as the Court has noted above, the City should have already done much of the necessary groundwork for *Monell* discovery in the other similar cases that are progressing through other courts in this district, which will cut the time, burden, and expense on the City to produce *Monell* discovery.

**ENTERED:**

Date: 9/10/2019

_____
U.S. Magistrate Judge, Susan E. Cox