# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEHINDA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 7357 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CITY OF CHICAGO, MICHAEL McDERMOTT, ANDY JONES, K. GLYNN, JACK WILKINS, NAPOLEON STEVENSON, K. GROSS, SHARON JEFFERSON, and COOK COUNTY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendant City of Chicago's motion to bifurcate [57] is granted for the reasons set forth below. Pursuant to Civil Rule 42(b), Plaintiff's *Monell* claim is bifurcated from his other claims, and discovery and trial on the *Monell* claim is stayed. The consent to entry of judgment (Doc. 61 at 3-5) is noted, and Defendant City will be held to the commitments set forth therein. Defendant City shall retain a copy of the *Monell* discovery it produced in *Hood v. City of Chicago*, No. 16 C 1970 (N.D. Ill.), which is the only case identified by Plaintiff in which the City produced *Monell* discovery that is potentially related to the *Monell* claim here.

### STATEMENT

The principal thrust of this suit is that the individual officer defendants attempted to coerce Kehinda Mitchell to confess to the murder of Howard Shell and, when he withstood their coercion, fabricated his oral confession. Doc. 1 at ¶¶ 1-3, 5, 34, 36, 39-40. Mitchell also alleges that the officers coerced Gene Keller into falsely implicating Mitchell. *Id.* at ¶¶ 52-54. The principal thrust of the *Monell* claim against the City of Chicago is that the officers' "fabrication of [Mitchell's] oral confession and coercion of false statements from each of the witnesses in this case was undertaken pursuant to, and proximately caused by, a policy and practice on the part of the [Chicago Police] Department." *Id.* at ¶ 69; *see also id.* at ¶ 68.

Given the nature of his claims, Mitchell cannot prevail on his *Monell* claim against the City without first establishing individual liability against the officers, meaning that a verdict for Mitchell on the *Monell* claim would be necessarily inconsistent with a verdict for the individual defendants on the claims against them. This is particularly so given the individual defendants' representations at the June 19, 2019 hearing regarding the defenses and arguments that they will *not* press at summary judgment or trial, Doc. 70—defenses and arguments that, were they pressed, would create the possibility of a *Monell* verdict for Mitchell being consistent with a verdict for the individual defendants. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010). Under the present circumstances, bifurcation of the *Monell* claim is

appropriate for the reasons set forth in cases like *Swanigan v. City of Chicago*, 775 F.3d 953, 962-63 (7th Cir. 2015); *Arrington v. City of Chicago*, 2018 WL 3861552 (N.D. Ill. Aug. 14, 2018); and *Lindsey v Orlando*, 232 F. Supp. 3d 1027, 1034-37 (N.D. Ill. 2017). As in those cases, declining to bifurcate Mitchell's *Monell* claim (whose scope is extremely broad) would make discovery far more burdensome and would run an unacceptable risk of prejudicing the individual defendants at trial.

   Mitchell contends that there are two respects in which "*Monell* liability is possible … without a finding of individual liability"—that is, two respects in which this case is like *Thomas*. Doc. 64 at 10. The first concerns his claim that the City's alleged policy of placing a "Youth Officer" in the room when a juvenile suspect is being questioned allegedly yields unreliable and false confessions. *Ibid*. But Mitchell alleges that the Youth Officer here, Napoleon Stevenson, not only "did nothing to prevent his false confession," but "also fabricated that [Mitchell] confessed" to Stevenson and the state prosecutor. Doc. 1 at ¶¶ 43-44; *see also id*. at ¶ 72. Given the nature of Mitchell's allegations against Stevenson, it is difficult to see how the jury could find for Stevenson on the individual claims against him but for Mitchell on a *Monell* claim directed at policies regarding Youth Officers. The second concerns the part of the *Brady* claim that, according to Mitchell, alleges "that the City's file-keeping system (as well as its general policies) prevented transmission of exculpatory information to criminal defendants." Doc. 64 at 10. The trouble with this argument is that the complaint makes no such claim; Mitchell's *Brady* claims allege *only* that the individual defendants intentionally withheld or destroyed exculpatory information, Doc. 1 at ¶¶ 30, 54, 90-91, and *only* that the City's policy was to "systematically suppress[] evidence pertaining to … fabricated and coerced statements," *id*. at ¶ 73. Mitchell cannot avoid bifurcation by pointing to a *Brady* claim that his complaint does not assert.

September 18, 2019

                        United States District Judge