**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RICARDO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18 CV 7951 |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| REYNALDO GUEVARA, ERNEST | ) | Judge Rowland |
| HALVORSEN, RICHARD CURLEY, | ) | |
| ROBERT BIEBEL, ED MINGEY, LEE | ) | Magistrate Judge Cox |
| EPPLEN, M. SANDERS, J. MOHAN, AND | ) | |
| UNKNOWN OFFICERS; and the CITY OF | ) | |
| CHICAGO. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT FOR REASSIGNED CASE**

The parties to this litigation, Tara Thompson on behalf of Plaintiff, Rock, Fusco & Connelly, LLC, on behalf of Defendant City of Chicago, The Sotos Law Firm, P.C.,  on behalf of Defendants Halvorsen, Curley, Biebel, Mingey, Epplen and Sanders, and Leinenweber Baroni & Daffada, LLC, on behalf of Defendant Guevara, provide the following Status Report for a Reassigned Case as directed by this Court's September 11, 2019 Order (Dckt. No. 52):

I.      **Nature of the Case**

    A.      Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

| For Plaintiff Ricardo Rodriguez: | For Defendant City of Chicago: |
|---|---|
| Arthur Loevy | Eileen E. Rosen – Lead Trial Attorney |
| Jon Loevy – Lead Trial Attorney | Austin Rahe |
| Russell Ainsworth | Theresa Carney |
| Tara Thompson | Catherine Barber |
| Loevy & Loevy | Rock, Fusco & Connelly, LLC |
| 311 N. Aberdeen | 321 N. Clark Street, Suite 2200 |
| Third Floor | Chicago, Illinois 60654 |
| Chicago, Illinois 60607 | |

| **For Defendants Halvorsen, Curley, Biebel, Mingey, Epplen, and Sanders ("Individual Defendants"):**<br>James Sotos – Lead Trial Attorney<br>Josh Engquist<br>Caroline Golden<br>David Brueggen<br>Jeffrey Kivetz<br>The Sotos Law Firm, P.C.<br>141 W. Jackson Blvd., Suite 1240A<br>Chicago, Illinois 60604<br>(630) 735-3300 (tel)<br>(630) 773-0980 (fax) | **Counsel for Defendant Guevara**:<br>Thomas Leinenweber – Lead Trial Attorney<br>James Daffada – Lead Attorney<br>Leinenweber Baroni & Daffada, LLC<br>120 N. LaSalle St., Suite 2000<br>Chicago, Illinois 60602<br>(312) 606-8705 (tel) |
|---|---|

B.  State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. Note: if any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity.

The Court has jurisdiction over Plaintiff's federal constitutional claims pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

C.  Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

Plaintiff Ricardo Rodriguez alleges that Defendants caused his wrongful conviction for a murder he did not commit. Plaintiff was a young man when he was arrested and spent 22 years in prison before his conviction was vacated.

Plaintiff contends that Defendants conspired to secure his conviction, including by fabricating evidence of one or more anonymous tips to give defendants a basis to investigate Plaintiff, and then by coercing witnesses and fabricating evidence from witnesses claiming to have seen Rodriguez do this shooting, despite knowing that evidence was false. Defendants likewise withheld exculpatory evidence from Plaintiff about Defendants' misconduct and evidence that Defendants had developed pointing to the true perpetrator being someone other than Rodriguez.

Plaintiff alleges that Defendants violated his right to due process guaranteed by the Fourteenth Amendment by fabricating evidence and withholding exculpatory evidence. Plaintiff also alleges that Defendants violated his Fourth Amendment right to be free from deprivation of liberty without probable cause. He also alleges that Defendants failed to intervene to prevent the violation of his constitutional rights and conspired to deprive him of his constitutional rights. Plaintiff also alleges state law claims for intentional infliction of emotional distress, malicious prosecution, civil conspiracy, indemnification, and *respondeat superior* on state law claims. In addition, Plaintiff alleges that the Defendant City of Chicago is liable for the violation of his

constitutional rights due to its policies, practices, and failure to train under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

The Individual Defendants deny Plaintiff was wrongfully convicted, deny they conspired to secure Plaintiff's conviction, and deny they fabricated evidence, coerced witnesses, withheld exculpatory evidence, or destroyed exculpatory evidence. The Individual Defendants also deny they violated Plaintiff's constitutional rights, deny they failed to intervene to prevent violations of Plaintiff's constitutional rights, and deny they conspired to violate Plaintiff's constitutional rights. The Individual Defendants also deny they are liable to Plaintiff for intentional infliction of emotional distress, malicious prosecution, and civil conspiracy.

In addition to denying the basis of the claims against them, the Individual Defendants assert affirmative defenses for qualified immunity, absolute immunity, barred by *Heck v. Humphrey,* estoppel, failure to state a claim, barred by the statute of limitations, barred by the Illinois Tort Immunity Act, barred by Illinois law (state law claim for punitive damages), and barred or reduced for Plaintiff's failure to mitigate his damages.

The City denies Plaintiff was wrongfully convicted and denies all claims against it. The City asserts affirmative defenses for comparative fault, failure to state a *Manuel* claim, immune from punitive damages, barred Section 1983 liability against municipality if none of the individual defendant officers violated Plaintiff's constitutional rights, failure to mitigate damages, barred by Illinois law (for conduct committed by employees not acting within the scope of their employment).

> D.  Describe the relief sought by the plaintiff(s).

Plaintiff seeks compensatory damages; punitive damages where allowed by law; attorney's fees and costs.

> E.  List the names of any parties who have not yet been served.

Plaintiff has served all Defendants except for J. Mohan, because Plaintiff determined after the filing of this lawsuit that Mr. Mohan is deceased. Plaintiff does not intend to take any further steps with respect to Mr. Mohan.

## II.  Discovery and Pending Motions

> A.  Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any. State whether any of the pending motions have been mooted or no longer require a ruling for any other reason.

On September 24, 2019, the Defendant City of Chicago filed an objection to Magistrate Judge Cox's memorandum order and opinion denying Defendants' motion to bifurcate (Dckt. No. 51.) This objection is noticed up for October 8, 2019. This is the only pleading that remains open at this date.

      B.      State whether the case is in the "Mandatory Initial Discovery Pilot" (MIDP) Project. (Information about the MIDP can be found on the Northern District of Illinois home webpage, under "Resources & Information"). If the case is subject to MIDP, the parties should be prepared to report on the status of compliance with the MIDP and any upcoming MIDP deadlines.

This case is in the MIDP Project. The parties have complied with the MIDP and have made their initial disclosures.

      C.      Briefly describe all discovery that the parties have conducted, including any electronic discovery or whether any discovery has been bifurcated. Include in the description any discovery that remains, discovery schedules that have been set, the status of expert discovery, if applicable, and whether the parties anticipate that they will complete discovery according to the current deadlines.

The parties have exchanged MIDP initial discovery documents. Plaintiff has served initial interrogatory and document requests, and has served deposition notices of the initial depositions he wishes to take, though none have been firmly scheduled. Defendants' responses to the written discovery requests are due, by the agreement of the parties extending the time for responses, on or before October 31, 2019. Plaintiff anticipates beginning depositions after receiving Defendants' responses.

On September 23, 2019, Magistrate Judge Cox set a discovery schedule for this case (Docket No. 53). That schedule provides that all fact discovery will be done by May 31, 2020. Magistrate Judge Cox did not set expert deadlines; the Court's order indicates she will do so closer to the end of fact discovery. Magistrate Judge Cox set a discovery status for November 20, 2019.

Plaintiff anticipates being able to complete fact discovery by the currently-set close of fact discovery date. Defendant City believes fact discovery could be completed by the deadline if the *Monell* claims are bifurcated, but also believes it is not possible for the parties to complete *Monell* discovery within this time frame if the *Monell* claims are not bifurcated.

      D.      Briefly summarize all substantive rulings issued in the case.

There has been only one substantive motion filed in this case – Defendant City of Chicago filed a motion to bifurcate *Monell* discovery from the rest of fact discovery in this case. (Dckt. No. 44.) As described above, Magistrate Judge Cox denied that motion without prejudice, determining that *Monell* discovery should proceed in tandem with other discovery, although the Court reserved ruling on whether a potential trial on *Monell* should be bifurcated should Defendant seek such bifurcation later in the case. (Dckt. No. 52.) Defendant City of Chicago has objected to that ruling. (Dckt. No. 54.)

      E.      Briefly describe any anticipated motions.

Plaintiff does not anticipate any motions beyond any necessary to complete fact discovery. Defendants anticipate filing motions for summary judgment.

III.    **Trial**

      A.     State whether there has been a jury demand.

All parties have made a jury demand (with the exception of Defendant Mohan, who is deceased and has not been served).

      B.     State whether a trial date has been set; if not, provide the date by which the parties anticipate being ready for trial.

There has been no date set for trial.  The parties' readiness for trial depends on the setting of expert discovery dates and how discovery proceeds, so at this time the parties cannot provide a date by which they anticipate being ready for trial.

      C.     State whether a final pretrial order has been filed; if not, state whether there is a deadline for filing such an order.

There is no deadline for the filing of a final pretrial order.

      D.     Estimate the length of trial.

Plaintiff anticipates a trial of this matter taking two weeks.  Defendants anticipate that if the *Monell* claims are bifurcated for trial, a trial will take three weeks (15 trial days).  If the *Monell* claims are not bifurcated, Defendants anticipate a trial will take four-five weeks (20-25 trial days).

IV.    **Settlement, Referrals, and Consent**

      A.     State whether the case has been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.

This matter has been referred to Magistrate Judge Cox for discovery supervision and a potential settlement conference.  (Dckt. No. 34.)

      B.     State whether any settlement discussions have occurred and the status of any settlement discussions. (Do not provide any particulars of any demands or offers that have been made.)

The parties have not engaged in any settlement discussions.  Plaintiff has not yet made a settlement demand, but is willing to confer with Defendants at any time.  Defendants are willing to consider any settlement demand from Plaintiff.

      C.     State whether the parties request a settlement conference at this time before this court or the Magistrate Judge.

The parties do not request a settlement conference at this time.  Plaintiff has not yet made a settlement demand, but is willing to have a settlement conference at any time.  Defendants

believe that, given this case is still at an early stage, and Plaintiff has not yet made a settlement demand, a settlement conference would be inappropriate at this time.

> D. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether all parties unanimously consent to that procedure. The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

The parties have informed their respective clients about the possibility of proceeding in front of a Magistrate Judge. At this time, the parties do not unanimously consent to that procedure.

Respectfully submitted,

/s/ Tara Thompson
**Counsel for Plaintiff**
Arthur Loevy
Jon Loevy
Russell Ainsworth
Tara Thompson
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois  60607

/s/ Eileen E. Rosen
**Counsel for Defendant City of Chicago**
Eileen Rosen – Lead Attorney
Austin Rahe
Theresa Carney
Catherine Barber
Rock, Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654


/s/ Josh Engquist
**Counsel for Defendants Halvorsen, Curley, Biebel, Mingey, Epplen, and Sanders:**
James Sotos – Lead Attorney
Josh Engquist
Caroline Golden
David Brueggen
Jeffrey Kivetz
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
(630) 735-3300 (tel)
(630) 773-0980 (fax)

/s/ Thomas Leinenweber
**Counsel for Defendant Guevara:**
Thomas Leinenweber – Lead Attorney
James Daffada – Lead Attorney
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, Illinois 60602
(312) 606-8705 (tel)

**Certificate of Service**

I, Tara Thompson, an attorney, hereby certify that on October 1, 2019, I caused to be served upon all parties of record a copy of the Parties' Joint Status Report for Reassigned Case by filing the same through the Court's CM/ECF system.

/s/ Tara Thompson