IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICARDO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 18 CV 07951 |
| | ) | |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Judge John J. Tharp, Jr. |
| REYNALDO GUEVARA, ERNEST | ) | Magistrate Judge Susan E. Cox |
| HALVORSEN, RICHARD CURLEY, | ) | |
| ROBERT BIEBEL, ED MINGEY, LEE | ) | |
| EPPLEN, M. SANDERS, J. MOHAN, | ) | |
| AND UNKNOWN OFFICERS; | ) | JURY TRIAL DEMANDED |
| and the CITY OF CHICAGO. | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR ENTRY OF A HIPAA AND MENTAL HEALTH PROTECTIVE ORDER

Defendants, the City of Chicago (the "City"), Reynaldo Guevara, Ernest Halvorsen, Edward Mingey, Richard Curley, Robert Biebel, Lee Epplen and Mark Sanders, ("Defendant Officers")(collectively referred to as "City Defendants") by and through their respective undersigned attorneys, move for entry of a HIPAA and Mental Health Protective Order and state:

### INTRODUCTION

Plaintiff sued Defendants under 42 U.S.C §1983 and state law alleging he was wrongfully convicted for the 1995 murder of Rodney Kemppainen. Plaintiff claims that due to Defendants' conduct he was incarcerated for over 22 years and sustained both physical and emotional injuries. Defendants move for the entry of a protective order to allow them to obtain Plaintiff's medical and mental health records regarding his allegations.

Prior to filing this motion, Defendants' counsel attempted to communicate with Plaintiff's attorneys to inquire if Plaintiff had any objection or comment on the proposed order

(emailed to the Judge's proposed order inbox). Defendants emailed Plaintiff's counsel on November 25, 2019, December 5, 2019, and December 12, 2019, and also left a voicemail for Plaintiff's counsel on December 16, 2019. Defendants emailed Plaintiff's counsel again on December 17, 2019 advising that if they did not hear from Plaintiff's counsel, they would move forward with filing the subject motion to avoid additional delay in discovery.[1] Plaintiff's counsel responded by email on December 18, 2019 advising that she would respond by December 23, 2019. No such response was received on December 23, 2019 and Defendants again emailed Plaintiff's counsel on December 27, 2019 asking for a response before December 30, 2019. Defendants received no response or substantive communication from Plaintiff's counsel before the time this motion was filed.[2]

## BACKGROUND

Plaintiff initially inserted his physical and emotional state into this case alleging that "In addition to causing the severe trauma of Plaintiff's wrongful imprisonment and loss of liberty, Defendants' misconduct caused and continues to cause Plaintiff extreme physical and psychological pain and suffering, humiliation, constant fear, anxiety, deep depression, despair, rage, and other physical and psychological effects." *Cmplt*, Dkt. 1, ¶ 54. Plaintiff additionally alleges that as a result of Defendants' actions "As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, and other grievous and continuing injuries and damages" *Cmplt*, Dkt. 1, ¶¶ 83, 90, 97, 104, and 108. Further, Plaintiff has asserted an intentional infliction of

---

[1] Defendants have received responses to several records subpoenas advising that records cannot be disclosed without a valid HIPAA/Mental Health Protective order allowing the disclosure.

[2] Despite multiple attempts and providing Plaintiff multiple opportunities to respond and have a Rule 37.2 conference, through no fault of Defendants, the Parties have been unable to substantively discuss this motion and the proposed order.

emotional distress claim (Count VII). Plaintiff has supported this claim alleging: "Defendants engaged in extreme and outrageous conduct;" "The Defendants either intended that their conduct would cause severe emotional distress or knew that there was a high probability that their conduct would cause severe, emotional distress to Plaintiff;" and that as a result "Plaintiff suffered injuries … including but not limited to severe emotional distress." *Cmplt.*, Dkt. 1, ¶¶ 119 and 121.

## LEGAL RULE

Federal Rule of Civil Procedure 26(b)(1) authorizes the Court to order discovery of any material relevant to this litigation, and Federal Rule of Civil Procedure 26(c)(1) authorizes the Court to enter a protective order concerning certain discovery upon showing of good cause. District courts have broad discretion to manage the discovery process, including through the entry of protective orders. *See Geiger v. Aetna Life Ins. Co.*, 845 F.3d 357, 365 (7th Cir. 2017). Discovery's purpose is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958).

During discovery relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978). "Relevancy for discovery is flexible and has a broader meaning than admissibility at trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 903 (7th Cir.1981)). "Because the requested discovery seeks information that relates to plaintiff's claims for damages, the discovery is relevant under Rule 26(b)(1)." *Laudicina v. City of Crystal Lake*, 328 F.R.D.

3

510, 518 (N.D. Ill. 2018). Further the Seventh Circuit has ruled, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006). Further the Seventh Circuit has ruled, "[i]f a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006).

Federal and Illinois statutes protect the confidentiality of medical and mental health information. *See* HIPAA ("Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 USC (2002)), the Illinois Mental Health and Developmental Disabilities and Confidentiality Act ("IMHDDCA" codified at 740 ILCS 110/1 et seq.), and drug and alcohol treatment/rehabilitation confidentiality statutes (20 ILCS 301/30-5; 42 USC 290dd-2; and 42 CFR Part 2). All these confidentiality statutes have exceptions to their protection allowing disclosure pursuant to Court order when the information contained in the records is relevant to a lawsuit. *See* HIPPA 45 C.F.R. § 164.512(e); IMHDDCA 740 ILCS 110/10(d); 20 ILCS 301/30-(bb)(2)(E); and 42 USC 290dd-2(b)(2)(C) and 42 C.F.R. 2.61-2.65.

## ARGUMENT
### Plaintiff Has Placed His Medical and Mental Health Condition at Issue Waiving Confidentiality Protections of His Records

There can be no question that Plaintiff's allegations inject his medical and mental health condition into this litigation. Plaintiff alleges that the Defendants' actions have caused "extreme physical and psychological pain and suffering" for which he seeks to recover. *Cmplt*, Dkt. 1, ¶¶ 54, 83, 90, 97, 104, and 108. Plaintiff's claim for damages are clearly relevant so Defendants are entitled to evidence relating to his damages. *Laudicina*, 328 F.R.D. at 518. Additionally,

4

Plaintiff's state law IIED claim requires that he prove he suffered severe emotional distress. His emotional distress is an element of his claim; therefore, Defendants must be allowed to obtain evidence of his severe emotional distress. *See Doe*, 456 F.3d at 718. Plaintiff has affirmatively placed his medical and mental health condition at issue in this litigation thereby waiving any confidentiality protections and entitling Defendants to obtain medical and mental health records to defend against the damages claimed.

**Good Cause Exists to Enter a HIPAA/Mental Health Protective Order**

Discovery on Plaintiff's medical and mental health conditions is relevant and proportional to the needs of the case. Plaintiff's current medical and mental health records will directly inform Defendants about the true nature of Plaintiff's alleged damages - the cause, nature, extent and duration of Plaintiff's claimed injuries and conditions. Defendants will additionally be required to gather evidence of Plaintiff's baseline medical and mental health conditions prior to the alleged incident in order to determine if there has been any change in the nature and extent of his conditions based on his now claimed damages of physical and psychological pain and suffering.

There is no other source of evidence that can sufficiently demonstrate the true nature of Plaintiff's medical and mental health condition beyond the information sought to be obtained (medical and mental health records) using the proposed protective order. Disclosure of Plaintiff's medical and mental health records is more important to the interests of substantial justice than the interest of protecting Plaintiff's relationship with his physicians and mental health professionals. Plaintiff consciously choose to inject his medical and mental health condition into the case. There is good cause for Defendants to obtain medical and mental health records and

5

health information in discovery to determine the cause, nature, extent and duration of Plaintiff's claimed injuries and conditions.

Plaintiff's medical and mental health records are plainly relevant to his claims for damages, which Plaintiff has put at issue in this case. If Defendants are unable to fully discover Plaintiff's mental and medical health conditions by obtaining records, Defendants will be prejudiced in their defense of Plaintiff's intentional infliction of emotional distress claim and their defense of Plaintiff's claimed mental and physical damages.

A protective order is necessary because Plaintiffs' medical and mental health providers will not disclose Plaintiff's medical and mental health records unless the Court enters a protective order that allows the disclosure pursuant to the exceptions in HIPAA (45 CFR §S 162 and 164), IL MHDDCA (740 ILCS 110/3), and Illinois state and federal law that protects certain rehabilitation records related to drug and alcohol use (20 ILCS 301/30-5, 42 USC 290dd-2, and 42 CFR Part 2). Accordingly, Defendants have submitted their proposed protective order to the Judge's proposed order email inbox, consistent with this Court's standing orders.

WHEREFORE, Defendants respectfully request the Court enter the Proposed HIPAA and Mental Health Protective Confidentiality Order, pursuant to Federal Rule of Civil Procedure 26(b)(1), and for such further relief as this Court deems appropriate.

Dated: December 30, 2019    Respectfully Submitted,

/s/ Austin G. Rahe
AUSTIN G. RAHE
*One of the Attorneys for City of Chicago*

/s/ David A. Brueggen
DAVID A. BRUEGGEN
*One of the Attorneys for Individual Defendants*

Eileen E. Rosen
Austin G. Rahe
Catherine M. Barber
Theresa B. Carney
Rock Fusco & Connelly, LLC
321 N. Clark, Suite 2200
Chicago, IL 60654
Tel: (312) 494-1000
arahe@rfclaw.com

James G. Sotos
Josh M. Engquist
Jeffrey Kivetz
David A. Brueggen
The Sotos Law Firm, P.C.
141 W. Jackson Blvd, Suite 1240A
Chicago, IL 60604
Tel: (630)735-3300
dbrueggen@jsotoslaw.com

/s/Thomas M. Leinenweber
THOMAS M. LEINENWEBER
*One of the Attorneys for Defendant Guevara*

Thomas M. Leinenweber
James V. Daffada
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
thomas@ilesq.com

**CERTIFICATE OF SERVICE**

       I certify that on December 30, 2019, I electronically filed the foregoing **Defendants' Motion for Entry of a HIPAA and Mental Health Protective Order,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed in the below service list:

*Attorneys for Ricardo Rodriguez:*
Jon Loevy
Russell Ainsworth
Tara Thompson
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
russell@loevy.com
tara@loevy.com

*Attorneys for City of Chicago:*
Eileen E. Rosen
Stacy A. Benjamin
Catherine M. Barber
Theresa B. Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
312 N. Clark, Suite 2200
Chicago, IL 60654
(312) 494-1000
erosen@rfclaw.com
sbenjamin@rfclaw.com
cbarber@rfclaw.com
tcarney@rfclaw.com
arahe@rfclaw.com

*Attorneys for Defendant Guevara:*
James V. Daffada
Thomas M. Leinenweber
Kevin E. Zibolski
Justin L. Leinenweber
Leinenweber Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, IL 60602
(312) 663-3003
jim@ilesq.com
thomas@ilesq.com
kevin@ilesq.com
justin@ilesq.com

/s/ David A. Brueggen
DAVID A. BRUEGGEN, Atty No. 06289138
*One of the Attorneys for Individual Defendants*