IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICARDO RODRIGUEZ, | ) |
| Plaintiff, | ) Case No. 18 CV 7951 |
| v. | ) Judge Rowland |
| REYNALDO GUEVARA, et al. | ) Magistrate Judge Cox |
| Defendants. | ) JURY TRIAL DEMANDED |

### JOINT STATUS REPORT

Pursuant to this Court's orders, ECF Nos. 107, 110, the undersigned parties provide the below update on the status of this litigation.

This is a civil rights suit which stems from a 1995 murder in Chicago for which Plaintiff was convicted and spent 22 years in prison prior to the vacatur of his conviction in 2018. Defendants deny any liability in connection with Plaintiff's allegations.

**I.    Status of Fact Discovery**

The fact-discovery deadline was scheduled for September 30, 2020. Defendants filed a motion to stay discovery while their motion to dismiss is pending, and in the alternative to extend the fact-discovery deadline for eight months. ECF No. 111. Plaintiff plans to file a response. The Magistrate Judge will hear Defendants' motion at the status conference on October 5, 2020. ECF No. 112.

To date, the parties have not taken any depositions, but are obtaining documents via subpoenas and through discovery with one another, and are continuing to confer about their

respective written discovery responses. Written discovery has taken much longer than the parties anticipated due to a variety of factors.

Plaintiff has noticed defendants' depositions, and is optimistic that he will be able to proceed with remote third-party depositions in the near future. Defendants would like to finalize several outstanding Rule 37.2 issues pending with regard to Plaintiff's responses to written discovery and then will be ready to move forward with depositions of the parties and other witnesses if the case is not stayed and the motion to dismiss is not granted.

## II. Proposed Discovery Schedule

Plaintiff believes that an additional four months is necessary for fact discovery, while Defendants believe discovery should be stayed at least temporarily to address their pending motion to dismiss and recent developments. Defendants request three weeks to evaluate whether Plaintiff's recent arrest impacts the pending motion to dismiss and, if it does, how. The parties propose the following competing discovery schedules:

|  | Plaintiff's Proposed | Defendants' Proposed |
|---|---|---|
| Fact discovery will close on | February 1, 2021 | June 1, 2021 |
| Plaintiff's expert disclosures will be due | March 1, 2021 | July 1, 2021 |
| Defendants will depose Plaintiff's experts by | April 1, 2021 | August 31, 2021 |
| Defendants' expert disclosures will be due | May 3, 2021 | November 1, 2021 |
| Plaintiff will depose Defendants' experts by | June 3, 2021 | January 7, 2022 |
| Expert discovery will close on | July 2, 2021 | March 7, 2022 |

## III. Pending Motion to Dismiss

Defendants moved to dismiss this case based on the fugitive disentitlement doctrine, asserting that Plaintiff was unwilling to participate in discovery because he faced an active arrest warrant and had not been apprehended. ECF No. 102. Plaintiff responded that he has participated

2

in discovery and has remained willing to sit for a deposition if Defendants would notice it. ECF No. 105. Plaintiff also responded that his status has not impacted his ability to participate in discovery. *Id.* Defendants believe that his status was the cause of the substantial delays and difficulty scheduling his deposition because Plaintiff requested to present him for his deposition at the Mexican Consulate. ECF. No. 102; *see also* ECF. No. 81.

Plaintiff was recently arrested and is now being held without bail, and has notified Defendants that he remains ready to schedule his deposition. Given that Defendants' motion to dismiss was based, in part, on their belief that Plaintiff was unwilling to sit for a deposition due to the outstanding arrest warrant, Plaintiff believes this turn of events obviates Defendants' concerns and moots their motion to dismiss. Defendants have not had an opportunity to analyze the impact of Plaintiff's arrest when allegedly returning from Mexico on their Motion to Dismiss and has requested an initially brief stay to allow them time to consider these new developments. ECF. No. 111. Though Plaintiff is incarcerated, he maintains that he will be able to participate fully in discovery with no delay.

### IV. Settlement

The parties have not engaged in any settlement discussions.

Respectfully Submitted,

By: /s/ *Rachel Brady*
Counsel for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Tara Thompson
Rachel Brady
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois 60607
(312) 243-5900


By: /s/ *Josh M. Engquist*
Attorney for Defendants Halvorsen, Curley, Biebel, Mingey, Epplen, and Sanders
Special Assistant Corporation Counsel

James G. Sotos
Josh M. Engquist
Jeffrey R. Kivetz
David A. Brueggen
The Sotos Law Firm, P.C.
141 W. Jackson Blvd., Suite 1240A
Chicago, Illinois 60604
(630) 735-3300

MARK A. FLESSNER,
Corporation Counsel of the City of Chicago

By: /s/ *Eileen E. Rosen*
Attorney for Defendant City of Chicago
Special Assistant Corporation Counsel

Eileen E. Rosen
Catherine M. Barber
Theresa Berousek Carney
Austin G. Rahe
Rock Fusco & Connelly, LLC
321 N. Clark Street, Suite 2200
Chicago, Illinois 60654
312.494.1000/erosen@rfclaw.com


By: /s/ *Thomas M. Leinenweber*
Attorney for Defendant Guevara
Special Assistant Corporation Counsel

Thomas M. Leinenweber
James V. Daffada
Leinenweber, Baroni & Daffada, LLC
120 N. LaSalle St., Suite 2000
Chicago, Illinois 60602
(312) 606-8705

## Certificate of Service

I, Rachel Brady, an attorney, hereby certify that on October 1, 2020, I caused to be served through the Court's CM/ECF system to all parties of record a copy of the foregoing **Joint Status Report**.

/s/ Rachel Brady