```
               IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

RICARDO RODRIGUEZ,              )   Docket No. 18 CV 7951
                                )
            Plaintiff,          )
                                )
       -vs-                     )   Chicago, Illinois
                                )   March 2, 2021
REYNALDO GUEVARA, et al.,       )   9:30 o'clock a.m.
                                )
            Defendants.         )

         TRANSCRIPT OF PROCEEDINGS - Telephonic Status
            BEFORE MAGISTRATE JUDGE SUSAN E. COX

APPEARANCES:
For the Plaintiff:         LOEVY & LOEVY
                           BY:  MS. RACHEL E. BRADY
                                MS. TARA E. THOMPSON
                           311 North Aberdeen
                           3rd Floor
                           Chicago, Illinois  60607

For the Defendant          LEINENWEBER BARONI & DAFFADA LLC
Guevara:                   BY:  MS. MEGAN K. McGRATH
                           120 North LaSalle Street
                           Suite 2000
                           Chicago, Illinois  60602

For the Defendants         THE SOTOS LAW FIRM PC
Halvorsen, Biebel,         BY:  MR. JOSH M. ENGQUIST
Mingey, Epplen, Curley     141 West Jackson Boulevard
and Sanders:               Suite 1240A
                           Chicago, Illinois  60604

For the Defendant          ROCK FUSCO & CONNELLY LLC
City:                      BY:  MS. EILEEN E. ROSEN
                           321 North Clark Street
                           Suite 2200
                           Chicago, Illinois  60654

           LAURA LACIEN, CSR, RMR, FCRR, CRR
                OFFICIAL COURT REPORTER
              219 South Dearborn Street
                     Room 1212
              Chicago, Illinois  60604
                  (312) 408-5032
```

```
                    (The following telephonic proceedings were held
         remotely:)
                    COURTROOM DEPUTY:  Case number 18 CV 7951,
         Rodriguez versus Guevara.
                    THE COURT:  Go ahead and enter your appearances,
         please.
                    MS. BRADY:  Good morning, your Honor.  This is
         Rachel Brady and Tara Thompson on behalf of the plaintiff.
                    MR. ENGQUIST:  Good morning, your Honor.  Josh
         Engquist on behalf of defendants Halvorsen, Curley, Biebel,
         Mingey, Epplen, and Sanders.
                    THE COURT:  Okay.
                    MS. McGRATH:  Good morning, your Honor.  Megan
         McGrath on behalf of the defendant Guevara.
                    THE COURT:  Okay.
                    MS. ROSEN:  Good morning, your Honor.  Eileen Rosen
         on behalf of defendant City of Chicago.
                    THE COURT:  Good morning to all of you.  So I have
         a motion from the defense to limit the 404(b) witnesses.  And
         is it true, plaintiff's counsel, that you've disclosed 250
         possible 404(b) witnesses?
                    MS. BRADY:  Your Honor, yeah.  We submitted, per
         defendant's request, in this Court's honor -- this Court's
         order a list of witnesses who we think fit the profile of
         somebody who could be a 404(b) witnesses -- witness.
```

1   We're --
2               THE COURT:  Well, that's actually --
3               MS. BRADY:  -- certainly --
4               THE COURT:  Well, you're not -- we're not going to
5   have 250 404(b) witnesses.  And my order did not in any way
6   or at least I didn't believe when I entered that order that
7   you would be -- that you would actually disclose this many so
8   I'm going to grant this motion.  I think it's important to
9   disclose.  I'm going to give you up to ten.  That's
10  consistent which seems to be with the rulings of my
11  colleagues on this issue which has been pretty uniformly in
12  that neighborhood.  And for each of those witnesses, I want
13  you to disclose exactly what topics they are testifying about
14  and how it constitutes 404(b) testimony so that there's no
15  surprise.
16              I mean, I don't think the City and the defense
17  should go into this -- into these witnesses for depositions
18  without knowing, sort of, where they fit in.  It's
19  not ethical.  It's unfair because they're -- you know,
20  they're witnesses that are not fact witnesses in the sense
21  that they talk about the specific allegations and they talk
22  about other things and so it's just not fair not to let the
23  defense know what those things are so --
24              MS. BRADY:  Your Honor -- yeah, if I can step in
25  and just give a little --

1   THE COURT REPORTER: Excuse me, excuse me, excuse
2   me. This is the court reporter. Can you identify who is
3   speaking please?
4   MS. BRADY: Yes. This is Rachel Brady for the
5   plaintiff. So one of the issues in these cases is that our
6   firm -- between our firm and defense counsel have a number of
7   these Guevara cases going on together and that we're doing
8   coordinated 404(b) discovery in cross multiple cases. And so
9   at this point, we are, you know, hoping to be able to do, you
10  know, written discovery to determine which of these, you
11  know, witnesses might be appropriate 404(b) witnesses for
12  each individual case.
13  And so we're certainly not proposing to even ask
14  this Court to consider, you know, 250 witnesses at trial but
15  we are just identifying to the defendants that in the
16  discovery that's gone on across these cases, we've identified
17  this number of witnesses who might, you know, be --
18  THE COURT: Well, but --
19  MS. BRADY: -- be part of 404(b) discovery.
20  THE COURT: Well, it's still 250. I -- you know,
21  not all -- I can't imagine, even though I know that these
22  cases are -- there's a number of these cases, I can't imagine
23  that all 250 witnesses would be relevant to this particular
24  set of facts. So what I'm going to -- you know, I just -- I
25  don't see any reason why I shouldn't limit you so I'm going

1   to limit you.  I granted the motion that -- to the extent
2   what you're going to do is you're going to tell the City who
3   these people are and what their testimony is likely to be
4   and what -- and how they fit into a 404(b) analysis in this
5   particular case so I'm going to ask you to choose one.  Okay?
6           MS. BRADY:  Your Honor, this is Rachel Brady again.
7   Is this ruling limiting us from doing written discovery into
8   these witnesses as well or is this a --
9           THE COURT:  Well, what would you be doing -- what
10  would you be doing?  What would you be doing?
11          MS. BRADY:  So we -- we have not yet in this case
12  conducted written discovery into some of these individuals
13  and, you know, they've been identified through other
14  discovery throughout various other cases but we haven't been
15  able to conduct written discovery in this case about
16  individuals who might fit this exact type or pattern.
17          THE COURT:  And from whom would you be getting this
18  discovery?
19          MS. BRADY:  It would very likely be from the City,
20  your Honor.
21          THE COURT:  Yeah; no.  I mean, basically what
22  you're asking -- what you're asking me is whether or not you
23  can essentially ask the City for information about as many
24  witnesses as you want.  I mean, that's not -- that's not
25  going to happen.  I mean, I'm not going to -- I'm not going

09:48AM

1   to require of the City to answer written discovery about, you
2   know, hundreds of witnesses.  You have to -- you have
3   to -- you know, you're going to have to narrow it down.  I'm
4   sorry.  That's just excessive and unproportional.
5                All right.  Anything further?
6           MS. BRADY:  Nothing from plaintiff, your Honor.
7           THE COURT:  All right.  So the motion is granted
8   and the ruling is as I've stated it on the record.  All
9   right.

09:48AM

10          UNIDENTIFIED FEMALE SPEAKER:  Thank you.
11          UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.
12          UNIDENTIFIED MALE SPEAKER:  Thank you, your Honor.
13          THE COURT:  Thank you.
14       (Which concluded the telephonic proceedings in the
15   above-entitled matter.)
16                     C E R T I F I C A T E
17       I hereby certify that the foregoing is a transcript of
18   telephonic proceedings before Magistrate Judge Susan E. Cox
19   on March 2, 2021.
20
21
22   /s/*Laura LaCien*                     March 8, 2021
     Official Court Reporter               DATE
23
24
25