# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RICARDO RODRIGUEZ, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Case No: 18-cv-7951 |
| v. | ) Judge Mary M. Rowland |
| | ) Magistrate Judge Susan E. Cox |
| THE CITY OF CHICAGO, *et al.*, | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed below, Plaintiff's Motion for Protective Order [141] is granted as to Lenny Soto and denied as to the remainder of the motion.

## BACKGROUND

Plaintiff Ricardo Rodriguez brought this case pursuant to 42 U.S.C. § 1983, alleging that several Chicago Police Officers framed him for murder and attempted murder in 1995, leading to Plaintiff's arrest, prosecution, conviction, and incarceration. Plaintiff contends that the officers fabricated purported eyewitness testimony and suppressed exculpatory evidence in order to procure Plaintiff's arrest and conviction.

On April 28, 2020, Defendants served a subpoena for Plaintiff's Illinois Department of Corrections ("IDOC") records; in responding to the Defendants' subpoena, IDOC produced 401 of Plaintiff's phone calls with 13 different individuals. Plaintiff had not objected to the subpoena,[1] but the parties engaged in a meet and confer process that was ultimately unsuccessful. In the last round of discussions, Defendants narrowed their requests down to calls with Plaintiff's mother;

---

[1] The parties have argued whether Plaintiff's failure to object constitutes waiver over his subsequent objections. The Court does not reach that issue here, as Defendants have agreed to review a limited subsection of the calls that were produced.

1

sister Maria; sister Theresa; and his friend, Lenny Soto. Plaintiff rejected that offer, and filed the instant motion seeking a protective order limiting review of Plaintiff's calls to those calls with his sister Ramona Soberanis and a journalist, Melissa Segura, because all other calls were irrelevant to the claims and defenses in this case. With the exception of the phone call with Lenny Soto, the Court finds that the calls Defendants seek to review are relevant to this matter and proportional to the needs of the case, and denies Plaintiff's motion. The Court grants the motion as to the phone call with Ms. Soto.

## **DISCUSSION**

Federal Rule of Civil Procedure 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and Federal Rule of Evidence 401(a) states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." "The scope of relevance for discovery purposes is far broader than for evidentiary purposes." *Bailey v. Meister Brau, Inc.*, 55 F.R.D. 211, 214 (N.D. Ill. 1972). When determining whether to enforce or quash a subpoena, the Court must balance the privacy interests of the person seeking to quash the subpoena against the relevance and benefit of the information sought.[2] *Pursley v. City of Rockford*, 2020 WL 1433827, *2 (N.D. Ill. Mar. 24, 2020). Several cases in this district have examined the relevance and burden for parties seeking to review the recorded telephone conversations of incarcerated individuals. The court in a related case, *DeLeon-Reyes v. Guevara*, No. 18-cv-1028, 2020 WL 705944 (N.D. Ill. Dec. 2, 2020), summarized the state of the case law as follows:

> Taken together, *Coleman, Simon, and Bishop* teach that in order to overcome a prisoner's privacy interest in the recordings of her telephone calls, the subpoenaing party must offer more than mere speculation that the recordings could house relevant evidence. Put

---

[2] As an initial matter, the Court finds Plaintiff has standing to bring this motion. *See Bishop v. White*, 2020 WL 6149567, at *3 (N.D. Ill. Oct. 20, 2020).

2

> another way, there must be evidence already discovered indicating that the recordings would probably document something relevant. **What separates the permissible subpoena for telephone call recordings in *Coleman* from the overbroad subpoenas in *Simon* and *Bishop* is the previously discovered evidence supporting the *Coleman* subpoena, as well as the narrow tailoring of the subpoena to reflect that discovered evidence.**

*Id.* at *5 (emphasis added).

Although the subpoena was originally written broadly, Defendants have narrowed the universe of calls down to between 265 and 332 phone calls to only four individuals.[3] This is significantly different than the subpoenas that were rejected in *Simon v. Northwestern University*, 2017 WL 66818, at *4 (N.D. Ill. Jan. 6, 2017) (seeking all calls placed over a fifteen-year period) and *Bishop v. White*, 2020 WL 6149567, at *3 (N.D. Ill. Oct. 20, 2020) ("The mere possibility that relevant information may be found in Plaintiff's recorded phone calls, which is all Defendants have at this juncture, is insufficient to overcome Plaintiff's privacy interest, especially given the breadth of Defendants' subpoena encompassing 8,000 telephone calls over a four-year period"). Instead, this case is more similar to *Coleman v. City of Peoria*, 2016 WL 3974005, at *2-4 (C.D. Ill. July 22, 2016), where the subpoena was tailored to requests calls between the plaintiff and individuals he had disclosed as possible witnesses during discovery.

In this case, the privacy burden is relatively light – incarcerated individuals are aware their calls may be recorded and do not have the same privacy expectations in their phone recordings as they would outside a jail setting. As for the relevance, the Court finds that Lenny Soto is not likely to have any relevant information. Ms. Soto was not listed as a witness by Plaintiff and Defendants'

---

[3] The telephone log contains 67 calls from an unnamed sister. [Dkt. 146-2 at 9.] Defendant is allowed to review those calls as well. Plaintiff listed three sisters in his initial disclosures, Theresa, Maria, and Ramona. Plaintiff has agreed to allow Defendant to review calls with Ramona, and the Court has ruled that calls with Theresa and Maria are reviewable. Therefore, these calls with an unnamed sister fall into category of calls that the Court believes is permissible for review.

3

only reason for listing her as a potential witness in their initial disclosure is her submission of an affidavit attesting to Plaintiff's character in an unrelated immigration proceeding. The Court can see no reason why Ms. Soto's views about Plaintiff's character in an immigration case would have any bearing on the facts of the instant suit, and grants Plaintiff's motion as to his one phone call with Ms. Soto.

However, the Court finds Defendants have adequately targeted their review to calls with family members that are likely to contain relevant information. Plaintiff listed his mother and sisters as potential witnesses in his initial disclosures, stating they had knowledge of "his damages and the impact his wrongful prosecution and conviction had on Mr. Rodriguez and his family, as well as knowledge of his criminal proceedings." [Dkt. 146-5 at 4-5.] Plaintiff himself has listed these individuals as people with information is relevant to his case, which qualifies as an indication that the recordings would probably contain relevant information. Defendants have also limited their review to these individuals, which differentiates this case from the blanket review of all phone calls that were rejected in *Simon* and *Bishop.* As such, Defendants are entitled to seek discovery regarding these individuals, including Plaintiff's recorded phone calls while he was incarcerated.

Plaintiff's arguments to the contrary improperly narrow the scope of discovery. In his motion, Plaintiff contends the only calls Defendants are entitled to listen to must involve three individuals who identified Plaintiff as the shooter (or stated Plaintiff was not the shooter) in the underlying case, "another fact witness, or someone who has direct personal knowledge of these individuals' involvement in the underlying case or Plaintiff's exoneration." [Dkt. 141 at 9.] That misstates the law in this district; the courts in *Bishop* and *Simon* did not quash the subpoenas in those cases because they sought telephone calls from outside the narrow category of people listed above, but because they sought *all* telephone calls with no limitations. As noted above, the criteria

4

for a permissible subpoena in this district require that it be narrowly tailored and there be previous evidence supporting the subpoena. Here, both conditions are met; Defendants tailored the review to individuals named as potential witnesses in Plaintiff's own discovery disclosures. Additionally, Plaintiff misrepresents these individuals as only damages witness, but a review of Plaintiff's disclosure demonstrates they are also listed as having "knowledge of his criminal proceedings." By Plaintiff's own disclosures, his mother and sisters qualify as "another fact witness" that would satisfy even Plaintiff's own narrow definition. Therefore, the Court denies Plaintiff's motion as to Plaintiff's mother and sisters Theresa and Maria.

## CONCLUSION

Plaintiff's Motion for Protective Order [141] is granted as to Lenny Soto and denied as to the remainder of the motion.

**ENTERED: 6/1/2021**

_____
U.S. Magistrate Judge, Susan E. Cox